Charles L. Roberts (Utah Bar #5140)
**WASATCH-IP, A PROFESSIONAL CORP.**
2825 E. Cottonwood Parkway, Suite 500
Salt Lake City, UT  84121
Telephone: (801) 292-5300
Facsimile: (801) 506-6699
Email: croberts@wasatch-ip.com

*Attorney for Plaintiff Roundpipe, LLC*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ROUNDPIPE, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTHWEST AIRLINES CO.,<br><br>Defendant. | **COMPLAINT**<br>**(Jury Trial Demanded)**<br><br><br>Case:  2:17-cv-01234-PMW<br><br>Judge Paul M. Warner |

Plaintiff Roundpipe, LLC ("Roundpipe") through its legal counsel, alleges on knowledge as to its own conduct and otherwise on information and belief as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of non-infringement of Southwest's trademarks and for declaratory judgment that Roundpipe has not violated and is not violating various laws relating to its operation of a website at swmonkey.com.

## PARTIES

2.      Roundpipe is a Utah limited liability company with its principal place of business in Salt Lake City, Utah.  Its members are Chase Roberts, an individual residing in Salt Lake City, Utah and Pavel Yurevich, an individual residing in Redmond, Washington.

3.      Upon information and belief, defendant Southwest Airlines Company is a Texas corporation with its principal place of business in Dallas, Texas.

## JURISDICTION AND VENUE

4.      This action arises under the Lanham Act, Title 15 of the United States Code, with a specific remedy sought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and continuing justiciable controversy exists between Roundpipe and Southwest that requires a declaration of rights by this Court.

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.  This Court has supplemental jurisdiction over Roundpipe's declaratory judgment claims implicating state law pursuant to 28 U.S.C. § 1367(a) because those claims arise from the same case or controversy alleged in Roundpipe's federal declaratory judgment claims.

6.       This Court has personal jurisdiction over Southwest because it regularly and systematically conducts business in this judicial district.

7.       Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

**FACTUAL BACKGROUND**

8.      Southwest claims to be the owner of numerous trademarks, including SOUTHWEST AIRLINES (U.S. Reg. No. 1,738,670), SOUTHWEST.COM (U.S. Reg. No. 2,623,807), SOUTHWEST (U.S. Reg. No. 3,129,737), and Miscellaneous Design (U.S. Reg. No. 3,297,309) (cumulatively, "the Southwest Trademarks.").

9.      On or about November 6, 2017, Roundpipe posted the website swmonkey.com ("the original swmonkey.com") on the internet on which it advertised a service to alert Southwest's customers when their ticket price dropped.  On Roundpipe's website swmonkey.com, Roundpipe referred to Southwest as "Southwest" and included an image of a Southwest airplane.

10.      On November 21, 2017, in response to numerous cease-and-desist communications from Southwest which threated litigation in federal court in Dallas, Texas, Roundpipe disabled the service offered on the original swmonkey.com, but left some of the original content along with an explanation to its customers that it had disabled the website due to Southwest's threats of legal action against it.  (This disabled website is referred to herein as "the disabled swmonkey.com").

11.      Southwest has alleged that Roundpipe has infringed and is infringing its rights in the Southwest Trademarks by operating the original swmonkey.com and the disabled swmonkey.com.

12.     Roundpipe has not and does not infringe any of Southwest's rights in the Southwest Trademarks because any use of the Southwest Trademarks is fair use in that any use of the Southwest Trademarks on the original swmonkey.com and the disabled swmonkey.com refers to Southwest.  Further, there is no likelihood of customer confusion arising out of Roundpipe's use of Southwest's Trademarks on the original swmonkey.com or the disabled swmonkey.com.

13.     Accordingly, an actual and justiciable controversy exists between Roundpipe as to whether Roundpipe has or is infringing any of the Southwest Trademarks.  Absent a declaration of non-infringement, Southwest will continue to wrongfully assert claims of trademark infringement against Roundpipe.

14.     Southwest has also alleged that Roundpipe has breached the terms and conditions of Southwest's website at southwest.com by (a) using the website "for or in connection with offering any third party product or service not authorized or approved by Southwest," and (b) by using any "deep-link, page-scrape, robot, crawl, index, spider, click spam, macro programs, Internet agent, or other automatic device. program, algorithm or methodology which does the same things, to use, access, copy, acquire information, generate impressions or clicks, input in formation, store in formation, search, generate searches, or monitor any portion of the Service or Company information."

15.     Roundpipe has not breached the terms and conditions of Southwest's website southwest.com because Roundpipe had no notice of the terms and conditions, because Roundpipe never assented to the terms and conditions, because there was no consideration

4

supporting a contract based on the terms and conditions, because the terms and conditions are an unenforceable contract of adhesion, and/or because the terms and conditions are unconscionable.

16.     Accordingly, an actual and justiciable controversy exists between Roundpipe as to whether Roundpipe has breached any of the terms and conditions of Southwest's website at southwest.com.  Absent a declaration by this court that Southwest has not breached the terms and conditions of Southwest's website, Southwest will continue to wrongfully assert claims breach of contract against Roundpipe.

17.     Southwest has also alleged that Roundpipe has violated federal laws such as the Computer Fraud and Abuse Act (18 U.S.C. §1030).

18.     Roundpipe has not violated Southwest's rights under the Computer Fraud and Abuse Act; however, absent a declaration that Roundpipe has not violated the Computer Fraud and Abuse Act, Southwest will continue to wrongfully assert claims of its violation.

## Count I

### Declaratory Relief that Roundpipe has not Infringed the Southwest Trademarks

19.     Roundpipe restates and incorporates herein each of the paragraphs above as if alleged herein.

20.     Southwest claims that Roundpipe's original swmonkey.com and disabled swmonkey.com web sites infringe the Southwest Trademarks.

21.     Roundpipe has not and does not infringe any of the Southwest Trademarks in any manner or fashion.

22.     As set forth above, an actual and justiciable controversy exists between Roundpipe and Southwest as to whether Roundpipe infringes any of the Southwest Trademarks.

23.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Roundpipe

requests that the Court enter a judgment that Roundpipe does not infringe, under any theory of

infringement, any of the Southwest Trademarks.

## Count II

### Declaratory Relief that Roundpipe has not Breached the Terms
### and Conditions of Southwest's website at Southwest.com

24.     Roundpipe restates and incorporates herein each of the paragraphs above as if

alleged herein.

25.     Southwest claims that Roundpipe has breached the terms and conditions of

Southwest's website at southwest.com.

26.     Roundpipe has not breached the terms and conditions of Southwest's website at

southwest.com.

27.     As set forth above, an actual and justiciable controversy exists between

Roundpipe and Southwest as to whether Roundpipe has breached the terms and conditions of

Southwest's website at southwest.com.

28.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Roundpipe

requests that the Court enter a judgment that Roundpipe has not breached the terms and

conditions of Southwest's website at southwest.com.

## Count III

### Declaratory Relief that Roundpipe has not Violated the
### Computer Fraud and Abuse Act (18 U.S.C. §1030)

29.     Roundpipe restates and incorporates herein each of the paragraphs above as if

alleged herein.

30.     Southwest claims that Roundpipe has violated the Computer Fraud and Abuse Act.

31.     Roundpipe has not violated the Computer Fraud and Abuse Act.

32.     As set forth above, an actual and justiciable controversy exists between Roundpipe and Southwest as to whether Roundpipe has violated the Computer Fraud and Abuse Act.

33.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Roundpipe requests that the Court enter a judgment that Roundpipe has not violated the Computer Fraud and Abuse Act.

**PRAYER FOR RELIEF**

WHEREFORE, Roundpipe requests judgment against Southwest as follows:

A.      For a judicial determination and declaration that Roundpipe has not infringed any of the Southwest Trademarks;

B.      For a judicial determination and declaration that Roundpipe has not breached the terms and conditions of Southwest's website at southwest.com;

C.      For a judicial determination and declaration that Roundpipe has not violated the Computer Fraud and Abuse Act (18 U.S.C. §1030);

D.      For injunctive relief against Southwest, and all persons acting on its behalf or in concert with it, restraining them from alleging, prosecuting or instituting any action against Roundpipe claiming (1) infringement of any of the Southwest Trademarks, (2) that Roundpipe has breached the terms and conditions of Southwest's website at southwest.com, or (3) that Roundpipe has violated the Computer Fraud and Abuse Act;

E.      That costs and fees be awarded to Roundpipe; and

F.      For such other and further relief as this Court deems just and appropriate.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all matters alleged herein in accordance with the

Seventh Amendment to the U.S. Constitution and Rule 38(b) of the Federal Rules of Civil

Procedure.

Dated this 29th day of November, 2017.

**WASATCH-IP, A Professional Corp.**

By:      /s/ Charles L. Roberts
         Charles L. Roberts (5140)
         2825 E. Cottonwood Parkway, Suite 500
         Salt Lake City, UT  84121
         Telephone: (801) 292-5300
         E-mail: croberts@wasatch-ip.com

         *Attorney for Roundpipe, LLC*